United States Bankruptcy Court
Southern District of Texas
**ENTERED**
November 03, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

---

| | | |
|---|---|---|
| **In re** | § § § | **Chapter 11** |
| **FIRST BRANDS GROUP, LLC,** *et al.*,[1] | § § § | **Case No. 25-90399 (CML)** |
| Debtors. | § § § § | **(Jointly Administered)** |

---

| | | |
|---|---|---|
| **FIRST BRANDS GROUP, LLC,** *et al.*, | § § § | |
| Plaintiffs, | § § § | **Adv. Pro. No. 25-03803 (CML)** |
| v. | § § § | |
| **PATRICK JAMES, THE PATRICK JAMES TRUST, ALBION REALTY, LLC, ALESTER TECHNOLOGIES LLC, BATTERY PARK HOLDINGS LLC, BOND STREET ASSET MANAGEMENT LLC, IGNITE ACQUISITION HOLDINGS LLC, LARCHMONT LLC, PEGASUS AVIATION, LLC, JOHN DOE(S) 1-100, and ABC CORPORATION(S) 1-100,** | § § § § § § § § § § § § | |
| Defendants. | § § | |

## ORDER GRANTING TEMPORARY RESTRAINING ORDER

After considering First Brands Group, LLC's and its debtor affiliates ("**Debtors**" or "**Plaintiffs**," and together with the Debtors' non-debtor affiliates, "**First Brands**"), application for

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

a temporary restraining order against Defendants Patrick James, the Patrick James Trust, Alester Technologies LLC, Battery Park Holdings LLC, Bond Street Asset Management LLC, Ignite Acquisition Holdings LLC, Larchmont LLC, John Doe(s) 1-100, and ABC Corporation(s) 1-100 ("**Defendants**"), as well as the pleadings and Affidavit of Charles M. Moore, First Brands' Chief Restructuring Officer, and after due deliberation and sufficient cause appearing therefor:

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.  The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. When appropriate, findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact. *See* Fed. R. Bankr. P. 7052.

B.  The Court has jurisdiction pursuant to 28 U.S.C. § 1334 and this matter is a core proceeding under 28 U.S.C. § 157(b)(2). The Court alternatively has constitutional authority to enter a final order because all parties in interest have consented, impliedly if not explicitly, to adjudication of this matter by this Court. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

C.  For the reasons set forth in the Debtors' Emergency Application for Preliminary Injunctive Relief and supporting Affidavit, the Debtors have demonstrated a likelihood of success on one or more of their claims and have shown they will suffer irreparable harm absent the immediate injunctive relief set forth herein. The Court also finds that the balance of the equities favors the Debtors, and the public interest will be served by awarding immediate injunctive relief.

D.  This Order is issued with notice appropriate under the circumstances. The Debtors have (1) established through the pleadings and supporting Affidavit that the Debtors have and

continue to suffer significant irreparable harm from Defendants' continued ability to access or transfer funds belonging to Debtors' estates and will continue to suffer such irreparable harm if the Defendants are not enjoined from further dissipating such assets; and (2) notice is impracticable because Debtors will likely suffer immediate and irreparable injury, loss, and damage if the Order is not granted before Defendants can be heard and there is no less drastic way to protect Debtors' interests.

**IT IS THEREFORE, ORDERED THAT:**

1. A Temporary Restraining Order is hereby issued and directed to all the following persons and entities, and all other persons and entities acting in concert with any of them, collectively referred to herein as the "**Enjoined Parties**":

    i. Patrick James,

    ii. The Patrick James Trust,

    iii. Albion Realty, LLC

    iv. Alester Technologies LLC,

    v. Battery Park Holdings LLC,

    vi. Bond Street Asset Management LLC,

    vii. Ignite Acquisition Holdings LLC,

    viii. Larchmont LLC,

    ix. Pegasus Aviation, LLC, and

2. The injunctive relief granted herein is further extended to all financial institutions with custody and/or control over any of the assets belonging to the estates, to the extent such financial institution has actual knowledge of this injunction (the "**Financial Institutions**").

3. All of the Enjoined Parties are hereby stayed, enjoined, and restrained from accessing, controlling, selling or otherwise disposing of any and all assets that are owned or controlled by the Defendants or any entities owned or controlled by the Defendants, including, but not limited to, the following:

    i. Any and all funds in any and all bank accounts in Defendants' control;

    ii. Any and all funds in any and all bank accounts of any other entities in Defendants' control; and

    iii. Any and all funds in any and all bank accounts owned or controlled by companies for which Mr. James is the sole manager or director.

4. All of the Enjoined Parties and Financial Institutions are hereby stayed, enjoined, and restrained from, with respect to any and all accounts or assets that are owned or controlled by the Defendants or any entities owned or controlled by the Defendants:

    i. making any payments;

    ii. issuing any checks;

    iii. depositing any checks;

    iv. honoring any checks;

    v. negotiating any checks;

    vi. cashing any checks;

    vii. making any transfers; and

    viii. making any distributions.

5. Notwithstanding paragraphs 1-3, and solely to prevent undue hardship, Mr. James may access and use property or funds for reasonable, ordinary, and necessary living expenses, including housing, utilities, food, transportation, and medical care (the "**Living Expenses**").

Mr. James shall not make any other payments, transfers, or disbursements enjoined by this Order absent prior authorization of the Court with notice to the Debtors. Financial Institutions may honor payment instructions from Defendants strictly limited to Living Expenses to the extent authorized by this paragraph and this Court's further orders. Any other payment or transfer by Financial Institutions involving the Enjoined Parties shall require advance approval from this Court.

6. Within two (2) business days of entry of this Order, the Enjoined Parties shall provide written notice of this Order to all Financial Institutions with custody and/or control of any funds or assets misappropriated from the Debtors or their estates and shall instruct such Financial Institutions to freeze such funds and assets to the extent required by this Order. The Enjoined Parties shall file a certificate confirming compliance with this paragraph within three (3) business days of such notice.

7. Pursuant to Federal Rule of Bankruptcy Procedure 7065, the Debtors are excused from Federal Rule of Civil Procedure 65(c) and are not required to post a bond or give any other security.

8. The Clerk is to issue notice to Defendants that the hearing on Debtors' request for preliminary injunction is set for November 10, 2025, at 10:00 a.m. CT. This Order will expire on November 11, 2025.

9. The Court will consider motions to amend or vacate this order on an emergency basis.

Signed: November 03, 2025

_____
Christopher Lopez
United States Bankruptcy Judge