IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

---

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| FIRST BRANDS GROUP, LLC, *et al.*,[1] | : | Case No. 25-90399 (CML) |
| Debtors. | : | (Jointly Administered) |

---

| | | |
|---|---|---|
| FIRST BRANDS GROUP, LLC, *et al.*, | : | |
| Plaintiffs, | : | Adversary Pro. No. 25-03803 (CML) |
| v. | : | |
| PATRICK JAMES, THE PATRICK JAMES TRUST, ALBION REALTY, LLC, ALESTER TECHNOLOGIES LLC, BATTERY PARK HOLDINGS LLC, BOND STREET ASSET MANAGEMENT LLC, IGNITE ACQUISITION HOLDINGS LLC, LARCHMONT LLC, PEGASUS AVIATION, LLC, JOHN AND JANE DOE(S) 1-100, and ABC CORPORATION(S) 1-100, | : | |
| Defendants. | : | |

**RESPONSE TO EMERGENCY MOTION TO VACATE OR AMEND ORDER GRANTING TEMPORARY RESTRAINING ORDER**

---

[1] A complete list of the debtors in these chapter 11 cases may be obtained on the website of the debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE LOPEZ:

First Brands Group, LLC and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (the "**Plaintiffs**" or the "**Debtors**," together with non-debtor affiliates, "**First Brands**" or the "**Company**"), by their attorneys, Weil, Gotshal & Manges LLP, respectfully submit this response to the Emergency Motion to Vacate or Amend Order Granting Temporary Restraining Order (the "**Motion**") filed by Patrick James, The Patrick James Trust, Albion Realty, LLC, Alester Technologies LLC, Battery Park Holdings LLC, Bond Street Asset Management LLC, Ignite Acquisition Holdings LLC, Larchmont LLC, and Pegasus Aviation, LLC (collectively, the "**Defendants**").

Defendants' Motion should be denied, although the Debtors do not oppose a limited modification to the Court's Order Granting Temporary Restraining Order as described herein. Indeed, the Debtors communicated their willingness to stipulate to such modifications to Defendants late last evening when Defendants first raised this purported issue. The Debtors asked the Defendants last night to send a draft stipulation for consideration, and when the Debtors received it today, they tried to resolve any urgent issue by stipulation. The Defendants did not engage with the Debtors regarding the draft stipulation. Instead, they filed this Motion.

As a threshold matter, the bulk of Defendants' Motion is an effort to challenge the Court's award of injunctive relief on the merits. *See* Motion at 5-18. The Court need not address any such issues in an emergency posture and may instead defer consideration of such issues to the preliminary injunction hearing scheduled less than one week away. The Court has already concluded that the Debtors have met the standard for securing a temporary restraining order and has provided Defendants with an opportunity to challenge that conclusion at the preliminary injunction hearing.

The sole claimed emergency in Defendants' Motion requiring immediate modification of the Court's temporary restraining order is that the order is overbroad and Defendants are purportedly prohibited "from making tax payments, payroll payments, rent payments, or other payments or transfers required by law, among other urgent concerns." Motion at 20.

Defendants, however, fail to inform the Court that the Debtors agreed to such modifications in a proposed stipulation provided to Defendants' counsel this morning—a proposal with which Defendants refused to engage. The Debtors have swiftly and in good faith responded to Defendants' concerns and have made clear at every step that Debtors do not seek to undermine the operations of any legitimate businesses or necessary and appropriate disbursements (i.e., ordinary course payroll, taxes, etc.), while preserving the core protections the Court ordered to prevent further dissipation of estate property.

On the evening of November 3, at 9:35 PM Eastern Time, Defendants' counsel emailed Debtors' counsel asserting "deficiencies" in the Court's order and claiming that the temporary restraining order applied to "numerous active operating businesses" that purportedly needed to make payments on November 4. Defendants' counsel warned of alleged imminent irreparable harm if payments were not permitted.

Debtors' counsel responded within minutes, at 9:48 PM Eastern Time, requesting the specific amounts Defendants needed to ensure that employees receive legitimate payments. Defendants responded approximately one hour later, at 10:32 PM Eastern Time, with "estimates" of the total amounts of such costs. After some additional back and forth about the best way to effectuate the relief the Defendants sought, Debtors then asked Defendants, at 11:24 PM Eastern Time, to share a proposed stipulation to effectuate the requested relief. Defendants did not respond that night.

On the morning of November 4, at 9:34 AM Eastern Time, Defendants' counsel sent a draft stipulation for Debtors' review. Debtors' counsel responded at 11:38 AM Eastern Time with proposed revisions, asking Defendants to provide details about the payments the Defendants believed would be urgently needed. *See* Exhibit A (Debtors' proposed stipulation in redline from Defendants' proposal); Exhibit B (clean version of Debtors' proposed stipulation). At 9:32 PM Eastern Time, approximately four and a half hours after they filed their Motion and nearly ten hours after Debtors' counsel sent proposed revisions, Defendants finally responded and proposed further revisions to the draft stipulation.[2] To date, Defendants have not provided either to the Debtors or the Court any detail about the specific amounts of the so-called emergency expenses Defendants seek to pay.

Debtors' objective in securing the temporary restraining order was straightforward: to prevent Mr. James and entities under his control from dissipating assets, transferring value beyond the reach of these estates, or otherwise frustrating the Court's ability to grant effective relief. The temporary restraining order preserves the status quo pending further proceedings and is grounded in Debtors' fiduciary duty to protect estate assets for the benefit of creditors. As the Debtors explained in their filings, Mr. James misappropriated hundreds of millions of dollars from the Debtors, and has failed to account for the purposes of those transfers or the locations of those funds; Mr. James cannot now avoid the Debtors' and the Court's lawful order.

Debtors do not object to a measured and transparent framework that permits critical payments required to sustain operations and comply with law—such as payroll, taxes, rent, utilities, insurance, and other objectively necessary business expenditures—provided the

---

[2] Debtors were preparing to file this brief when they received the response from Defendants' counsel. Debtors will review Defendants' latest proposal.

framework includes reasonable controls and prompt reporting to the Debtors and the Court, and an opportunity for the Debtors to object to such costs.

WHEREFORE, the Debtors respectfully request that the Court deny the relief requested in the Motion.

Dated:   November 4, 2025
         Houston, Texas

    /s/  Clifford W. Carlson
WEIL, GOTSHAL & MANGES LLP
Gabriel A. Morgan (24125891)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email:   gabriel.morgan@weil.com
        clifford.carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (admitted *pro hac vice*)
Sunny Singh (admitted *pro hac vice*)
David Lender (admitted *pro hac vice*)
Nili T. Moghaddam (admitted *pro hac vice*)
Robert Niles-Weed (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:   matt.barr@weil.com
        sunny.singh@weil.com
        david.lender@weil.com
        nili.moghaddam@weil.com
        robert.niles-weed@weil.com

*Proposed Attorneys for Debtors
and Debtors in Possession*

## **CERTIFICATE OF SERVICE**

      I, Clifford W. Carlson, certify that on November 4, 2025, I caused a true and correct copy of the foregoing document to be served by the Court's CM/ECF system on all parties entitled to notice, and was served by electronic mail on the Defendants' counsel.

                                               /s/ *Clifford W. Carlson*
                                               Clifford W. Carlson