# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| FIRST BRANDS GROUP, LLC, *et al.*, | Case No. 25-90399 (CML) |
| Debtors.[1] | (Jointly Administered) |
| | |
| FIRST BRANDS GROUP, LLC, *et al.*, | |
| Plaintiffs, | Adversary Proc. No. 25-03803 (CML) |
| v. | |
| PATRICK JAMES, THE PATRICK JAMES TRUST, ALBION REALTY, LLC, ALESTER TECHNOLOGIES LLC, BATTERY PARK HOLDING LLC, BOND STREET ASSET MANAGEMENT LLC, IGNITE ACQUISITION HOLDINGS LLC, LARCHMONT LLC, PEGASUS AVIATION, LLC, JOHN DOE(S) 1-100, and ABC CORPORATION(S) 1-100, | |
| Defendants | |

## STIPULATION AND [PROPOSED] ORDER

This agreed stipulation (this "Stipulation") is entered into by and among the above-captioned debtors (the "Debtors"), and Defendants Patrick James, The Patrick James Trust, Albion Realty, LLC, Alester Technologies LLC, Battery Park Holding LLC, Bond Street Asset

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

Management LLC, Ignite Acquisition Holdings LLC, Larchmont LLC, Pegasus Aviation, LLC (collectively "<u>Defendants</u>," and together with the Debtors, the "<u>Parties</u>"):

WHEREAS, on September 28, 2025 (the "<u>Petition Date</u>"), the Debtors commenced the above-captioned chapter 11 cases in this Court (the "<u>Bankruptcy Court</u>");

WHEREAS, on November 3, 2025, the Debtors initiated this adversary proceeding by filing a complaint (the "<u>Complaint</u>") and an Emergency *Ex Parte* Application for Preliminary Injunction Relief, Including an Emergency Motion for a Temporary Restraining Order, Preliminary Injunction, and Request for Hearing (the "<u>Application</u>"), seeking, among other things, a temporary restraining order "freezing the assets of Patrick James and any and all companies he owns and controls in connection with the misappropriation and potential dissipation of funds belonging to the Debtors' estates";

WHEREAS, on November 3, 2025, the Bankruptcy Court granted *ex parte* the Application and issued the *Order Granting Temporary Restraining Order* (the "<u>Temporary Restraining Order</u>");

~~WHEREAS, Defendants strongly dispute the Debtors' entitlement to relief in the Complaint and Application and submit the Temporary Restraining Order if left in place will among other things (a) cause substantial and irreparable harm to Defendants and their businesses, including their employees and customers and (b) harm the Defendants' ability to engage counsel defend themselves;~~

WHEREAS as drafted, the Temporary Restraining Order arguably applies to numerous active operating businesses (the "<u>Carved-Out Entities</u>")—including, among others, Eitek GmbH ("<u>Eitek</u>"), Peterson American Corporation ("<u>Peterson</u>"), and Meteor Holdings, S.a.r.L. and Meteor Acquisitions S.a.r.L. ( "<u>Meteor</u>")—that employ personnel and service customers; and

2

~~WHEREAS to avoid potential irreparable damages that the Temporary Restraining Order will create for the Defendants and these active businesses.~~

**NOW, THEREFORE,** it is hereby stipulated and agreed, by the Parties and through their respective undersigned counsel, that:

1. Notwithstanding anything to the contrary in the Temporary Restraining Order, <ins>and only for so long as the Temporary Restraining Order is in effect,</ins> the Carved-Out Entities shall be permitted to engage in (and, for the avoidance of doubt, Financial Institutions (as defined in the Temporary Restraining Order) shall be permitted to facilitate) activities and payments necessary to continue their operations, <ins>only to the extent such payments are critically necessary to the ongoing operation of the Carved-Out Entities,</ins> ~~in the ordinary course of business,~~ including payments, purchases, and transfers of money related to ~~ordinary-course~~ payroll and employee benefits <ins>to the extent such employees are critical to the ongoing operation of the Carved-Out Entities</ins>, purchases of materials, services and supplies <ins>critically</ins> necessary ~~and appropriate~~ to continue ~~ordinary-course~~ business operations, payment of <ins>critical</ins> expenses associated with freight, taxes, legal fees, utilities, rent and related lease obligations, insurance and leases, payments to customers to the extent ~~arising in the ordinary course of business as associated with~~<ins>critically necessary to maintain</ins> existing customer programs and practices, and payment of other obligations ~~as necessary~~<ins>critical</ins> to permit ~~ordinary~~ <ins>ongoing</ins> business operations,~~, all to the extent such expenses are due and owing in the ordinary course (and not accelerated)~~; *provided* that <ins>no such payments shall be made to Defendants or other entities owned or controlled by the Defendants and</ins> such payments shall be subject to the cap on weekly expenditures <ins>by category</ins> applicable to each Carved-Out Entity as reflected in <ins>the detailed proposed budget for such activities and payments in Schedule A</ins> attached hereto, which caps shall be subject to further adjustment by ~~agreement among~~

3

~~the Parties or by~~ order of the Bankruptcy Court.

2. Notwithstanding anything to the contrary in the Temporary Restraining Order or herein, <ins>and only for so long as the Temporary Restraining Order is in effect,</ins> nothing in the Temporary Restraining Order or herein shall be construed in any way to restrict the ability of any of the Defendants or Carved-Out Entities to pay or to cause their counsel to receive payment for legal fees or services or related expenses, including, for the avoidance of doubt, by taking appropriate steps to seek insurance coverage and by directing their Financial Institutions to facilitate payment thereof.

3. <ins>No later than Monday, November 10, 2025, at 9 a.m. central time, t</ins>~~T~~he Carved-Out Entities shall ~~provide to counsel to the Debtors~~<ins>file on the public docket in this matter</ins> a <ins>signed affidavit (or affidavits) providing a detailed</ins> ~~weekly~~ accounting of <ins>all</ins> payments, purchases and transfers made pursuant to paragraph 1<ins> and 2</ins> of this Stipulation and Order<ins>, including reasonable explanations (including documentation) relating to such payments, purchases and transfers, and detailed explanations for any deviations from the detailed proposed budget provided in Schedule A attached hereto.</ins> ~~so long as the Temporary Restraining Order is in effect. Upon written request of the Debtors (which may be by email), the Carved-Out Entities shall provide reasonable explanation, which may include documentation, relating to such payments, purchases and transfers.~~

~~3.~~<ins>4.</ins> For the avoidance of doubt, the Debtors take no position on the appropriateness of the proposed activities and payments described in Schedule A attached hereto or any payments, purchases, and transfers made pursuant to this Stipulation, and reserve all rights to object to any payments, purchases, and transfers made by the Carved-Out Entities.

~~4.~~<ins>5.</ins> This Stipulation will be binding and effective upon execution by the Parties hereto.

4

This Stipulation may not be amended or modified without the written consent of all Parties and the approval of the Court.  This Stipulation may be executed in counterparts by facsimile or other electronic transmission, each of which will be deemed an original, and all of which when taken together will constitute a document.

5.6.    The Bankruptcy Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of the Stipulation.

It is so **ORDERED**

Dated: _____, 2025
          Houston, Texas

_____
THE HONORABLE CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE

Dated: November 5, 2025

| | |
|---|---|
| **WEIL, GOTSHAL & MANGES LLP** | **DEBEVOISE & PLIMPTON LLP** |
| Clifford W. Carlson (24090024)<br>Gabriel A. Morgan (24125891)<br>700 Louisiana Street, Suite 3700<br>Houston, Texas 77002<br>Telephone: (713) 546-5000<br>Facsimile: (713) 224-9511<br>clifford.carlson@weil.com<br>gabriel.morgan@weil.com | M. Natasha Labovitz<br>Erica S. Weisgerber<br>Matthew Sorensen<br>Chris Ceresa<br>66 Hudson Boulevard<br>New York, NY 10001<br>Telephone: (212) 909-6000<br>nlabovitz@debevoise.com<br>eweisgerber@debevoise.com<br>mjsorensen@debevoise.com<br>crceresa@debevoise.com |
| -and- | -and- |
| **WEIL, GOTSHAL & MANGES LLP** | **QUINN EMANUEL URQUHART & SULLIVAN, LLP** |
| Matthew S. Barr (admitted *pro hac vice*)<br>Sunny Singh (admitted *pro hac vice*)<br>David Lender (*pro hac vice* pending)<br>Nili T. Moghaddam (*pro hac vice* pending)<br>Robert Niles-Weed (*pro hac vice* pending)<br>767 Fifth Avenue<br>New York, New York 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007<br><br>matt.barr@weil.com<br>sunny.singh@weil.com<br>david.lender@weil.com<br>nili.moghaddam@weil.com<br>robert.niles-weed@weil.com<br><br>*Proposed Attorneys for Debtors and Debtors in Possession* | Cameron Kelley<br>Tx. Bar No. [ ]<br>700 Louisiana Street, Suite 3900<br>Houston, Texas 77002<br>Telephone: (713) 221-7000<br><br>Michael B. Carlinsky<br>James C. Tecce<br>Scott Hartman<br>Eric S. Kay<br>Reece Pelley<br>Grace Sullivan<br>295 Fifth Avenue<br>New York, New York 10016<br>Telephone: (212) 849-7000<br><br>*Attorneys for Defendants Patrick James, The Patrick James Trust, Albion Realty, LLC, Alester Technologies LLC, Battery Park Holding LLC, Bond Street Asset Management LLC, Ignite Acquisition Holdings LLC, Larchmont LLC, Pegasus Aviation, LLC* |

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2025, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ _____

## Schedule A

## Payment Caps for Carved-Out Entities