**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| FIRST BRANDS GROUP, LLC, *et al.*, | : | Case No. 25-90399 (CML) |
| Debtors.[1] | : | (Jointly Administered) |
| | | |
| FIRST BRANDS GROUP, LLC, *et al.*, | : | |
| Plaintiffs, | : | Adversary Proc. No. 25-03803 (CML) |
| v. | : | |
| PATRICK JAMES, THE PATRICK JAMES TRUST, ALBION REALTY, LLC, ALESTER TECHNOLOGIES LLC, BATTERY PARK HOLDING LLC, BOND STREET ASSET MANAGEMENT LLC, IGNITE ACQUISITION HOLDINGS LLC, LARCHMONT LLC, PEGASUS AVIATION, LLC, JOHN DOE(S) 1-100, and ABC CORPORATION(S) 1-100, | : | |
| Defendants. | : | |

**STIPULATION AND [PROPOSED] ORDER**

This agreed stipulation (this "Stipulation") is entered into by and among the above-captioned debtors (the "Debtors") and Defendants Patrick James, The Patrick James Trust, Albion Realty, LLC, Alester Technologies LLC, Battery Park Holding LLC, Bond Street Asset

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

1

Management LLC, Ignite Acquisition Holdings LLC, Larchmont LLC, and Pegasus Aviation, LLC (collectively, "Defendants," and together with the Debtors, the "Parties"):

WHEREAS, on September 28, 2025 (the "Petition Date"), the Debtors commenced the above-captioned chapter 11 cases in this Court (the "Bankruptcy Court");

WHEREAS, on November 3, 2025, the Debtors initiated this adversary proceeding by filing a complaint (the "Complaint") and an Emergency *Ex Parte* Application for Preliminary Injunctive Relief, Including an Emergency Motion for a Temporary Restraining Order, Preliminary Injunction, and Request for Hearing (the "Application"), seeking, among other things, a temporary restraining order "freezing the assets of Patrick James and any and all companies he owns and controls in connection with the misappropriation and potential dissipation of funds belonging to the Debtors' estates";

WHEREAS, on November 3, 2025, the Bankruptcy Court granted *ex parte* the Application and issued the *Order Granting Temporary Restraining Order* (the "Temporary Restraining Order") and scheduled a hearing on Debtors' request for preliminary injunction for November 10, 2025, at 10:00 a.m. CT;

WHEREAS, as drafted, the Temporary Restraining Order arguably applies to Eitek GmbH ("Eitek"), Peterson American Corporation ("Peterson"), Meteor Holdings, S.a.r.L. ("Meteor Holdings"), and Meteor Acquisitions S.a.r.L. ("Meteor Acquisitions" and, together with Meteor Holdings, "Meteor") (collectively, the "Carved Out Entities"), four businesses that counsel for Defendant Patrick James have represented are active and operating and employ personnel and service customers.

**NOW, THEREFORE,** it is hereby stipulated and agreed, by the Parties and through their respective undersigned counsel, that:

1.	Notwithstanding anything to the contrary in the Temporary Restraining Order, and during such time as the Temporary Restraining Order is in effect, the Carved-Out Entities shall be permitted to engage in (and, for the avoidance of doubt, Financial Institutions (as defined in the Temporary Restraining Order) shall be permitted to facilitate) activities and payments necessary to continue their operations, only to the extent such payments are necessary to the ongoing operation of the Carved-Out Entities, including payments, purchases, and transfers of money related to payroll and employee benefits, purchases of materials, services and supplies necessary and appropriate to continue ordinary-course business operations, payment of expenses associated with freight, taxes, legal fees, utilities, rent and related lease obligations, insurance and leases, payments to customers to the extent existing customer programs and practices, and payment of other obligations as necessary to permit ongoing business operations, all to the extent such expenses are due and owing in the ordinary course (and not accelerated); *provided* that (y) except as set forth in this paragraph 1, no such payments shall be made to Defendants or to any members of Defendant Patrick James' family and (z) the permitted payments to Carve-Out Entities in this paragraph 1 shall be subject to a per-entity cap on expenditures through November 10, 2025 of $2 million for Peterson, $2 million for Eitek, and $4.5 million for Meteor, which caps shall be subject to further adjustment by agreement of the Parties or by order of the Bankruptcy Court.

2.	Notwithstanding anything to the contrary in the Temporary Restraining Order or herein, and during such time as the Temporary Restraining Order is in effect, nothing in the Temporary Restraining Order or herein shall be construed in any way to restrict the ability of any of the Defendants or Carved-Out Entities to pay or to cause their counsel to receive payment for legal fees or services or related expenses, including, for the avoidance of doubt, by taking appropriate steps to seek insurance coverage and by directing their Financial Institutions to

facilitate payment thereof.

3. The Carved-Out Entities shall provide to counsel to the Debtors a detailed accounting of all payments, purchases, and transfers made pursuant to paragraph 1 of this Stipulation and Order, including, as reasonably requested, reasonable documentation relating to such payments, purchases and transfers.

4. With respect to paragraph 6 of the Temporary Restraining Order, counsel to the Defendants shall, within 24 hours after entry into this Stipulation, provide written notice of such order to Financial Institutions holding depository accounts of the Defendants to the extent known to such counsel. For avoidance of doubt, such notice will be made without regard to whether any such accounts hold funds or assets relating to the allegations in the Complaint and shall not constitute an admission by the Defendants or their counsel that such accounts have "custody and/or control of any funds or assets misappropriated from the Debtors" as described in Paragraph 6 of the Temporary Restraining Order. The deadlines set forth in paragraph 6 of the Temporary Restraining Order shall otherwise be held in abeyance until after November 10, 2025.

5. For the avoidance of doubt, the Debtors take no position on the appropriateness or propriety of any payments, purchases, and transfers made pursuant to this Stipulation, and reserve all rights to object to any payments, purchases, and transfers made by the Carved-Out Entities.

6. This Stipulation will be binding and effective upon execution by the Parties hereto. This Stipulation may not be amended or modified without the written consent of all Parties and the approval of the Court. This Stipulation may be executed in counterparts by facsimile or other electronic transmission, each of which will be deemed an original, and all of which when taken together will constitute a document.

7. The Bankruptcy Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of the Stipulation.

It is so **ORDERED**

Dated: _____, 2025
      Houston, Texas

                                                  _____
                                                  THE HONORABLE CHRISTOPHER M. LOPEZ
                                                  UNITED STATES BANKRUPTCY JUDGE

Dated: November 5, 2025

/s/ Clifford W. Carlson
**WEIL, GOTSHAL & MANGES LLP**

Clifford W. Carlson (24090024)
Gabriel A. Morgan (24125891)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
clifford.carlson@weil.com
gabriel.morgan@weil.com

-and-

**WEIL, GOTSHAL & MANGES LLP**

Matthew S. Barr (admitted *pro hac vice*)
Sunny Singh (admitted *pro hac vice*)
David Lender (*pro hac vice* pending)
Nili T. Moghaddam (*pro hac vice* pending)
Robert Niles-Weed (*pro hac vice* pending)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

matt.barr@weil.com
sunny.singh@weil.com
david.lender@weil.com
nili.moghaddam@weil.com
robert.niles-weed@weil.com

*Proposed Attorneys for Debtors and Debtors in Possession*

/s/ Cameron M. Kelly
**DEBEVOISE & PLIMPTON LLP**

M. Natasha Labovitz (admitted *pro hac vice*)
Erica S. Weisgerber (admitted *pro hac vice*)
Matthew Sorensen (admitted *pro hac vice*)
Chris Ceresa (admitted *pro hac vice*)
66 Hudson Boulevard
New York, NY 10001
Telephone: (212) 909-6000
nlabovitz@debevoise.com
eweisgerber@debevoise.com
mjsorensen@debevoise.com
crceresa@debevoise.com

-and-

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Cameron M. Kelly (TX 24120936)
700 Louisiana Street, Suite 3900
Houston, Texas 77002
Telephone: (713) 221-7000

Michael B. Carlinsky (admitted *pro hac vice*)
William A. Burck (admitted *pro hac vice*)
James C. Tecce (admitted *pro hac vice*)
Scott Hartman (admitted *pro hac vice*)
Eric S. Kay (admitted *pro hac vice*)
Reece Pelley (admitted *pro hac vice*)
Grace Sullivan (admitted *pro hac vice*)
295 Fifth Avenue
New York, New York 10016
Telephone: (212) 849-7000

*Attorneys for Defendants Patrick James, The Patrick James Trust, Albion Realty, LLC, Alester Technologies LLC, Battery Park Holding LLC, Bond Street Asset Management LLC, Ignite Acquisition Holdings LLC, Larchmont LLC, Pegasus Aviation, LLC*