IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

---------------------------------------------------------- x
: 
In re: : Chapter 11
: 
PINE GATE RENEWABLES, LLC, *et al.*, : Case No. 25-90669 (CML)
: 
Debtors[1] : (Jointly Administered)
: 
---------------------------------------------------------- x

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER DISMISSING THE CHAPTER 11 CASES OF CERTAIN DEBTORS UPON THE SALE THEREOF**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this application was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this application was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

The above-captioned debtors and debtors in possession (collectively, the "***Debtors***") state the following in support of this motion (this "***Motion***"):

**RELIEF REQUESTED**

1. The Debtors seek entry of an order, substantially in the form attached hereto, dismissing the Chapter 11 Case (as defined below) of any Debtor (and any Debtor subsidiary thereof) upon the sale of the equity interests of such Debtor in connection with the Debtors' ongoing sale process.

---

[1] A complete list of each of the Debtors in the chapter 11 cases (the "***Chapter 11 Cases***") and the last four digits of each Debtor's taxpayer identification number (if applicable) may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/PGR. The Debtors' mailing address for the purposes of the Chapter 11 Cases is 130 Roberts Street, Asheville, North Carolina 28801.

**JURISDICTION AND VENUE**

2. The United States Bankruptcy Court for the Southern District of Texas (the "*Court*") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157, and the Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested herein are sections 105(a) and 1112(b) of title 11 of the United States Code (the "*Bankruptcy Code*").

**BACKGROUND**

3. On November 6, 2025 (the "*Petition Date*"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 Cases. On November 19, 2025, the Office of the United States Trustee for the Southern District of Texas (the "*U.S. Trustee*") appointed an official committee of unsecured creditors (the "*UCC*") [Docket No. 225]. The Chapter 11 Cases are being jointly administered, for procedural purposes only, pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1. *See* Docket No. 33.

4. The factual background regarding the Debtors, including their business, their capital structure, and the events leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of Ray Shem, President and Chief Financial Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Relief* [Docket No. 19] (the "*First Day Declaration*").[2]

---

[2] Capitalized terms used but not defined herein have the meanings given to them in the First Day Declaration.

2

5. On November 10, 2025, the Court entered the *Order (A) Approving Bidding Procedures for Sale of Debtors' Assets, (B) Establishing Procedures for Debtors' Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith, (C) Scheduling Dates for an Auction and a Hearing to Consider Approval of any Resulting Sale, (D) Approving Form and Manner of Notices Related Thereto, and (E) Granting Related Relief* [Docket No. 128] (the "**Bidding Procedures Order**").

6. Under the Bidding Procedures Order, the Debtors are marketing their assets for sale, which include (among other things) the equity interests certain Debtors hold in their Debtor and non-Debtor subsidiaries. Indeed, the Debtors' stalking horse purchase agreements with their Bridge/DIP Lenders (as defined in the First Day Declaration) provide for the Bridge/DIP Lenders to purchase, among other things, the equity interests of certain Debtors (and their direct and indirect subsidiaries), which include a mix of intermediate holding companies and project-level companies.[3]

---

[3] The Debtors whose equity may be purchased by the Bridge/DIP Lenders subject to the terms of the applicable stalking horse purchase agreement (or other third-party bidders) include: Catalina Solar Borrower, LLC; Catalina Solar Holdings, LLC; GA Solar 5, LLC; GH Pledge Borrower, LLC; Grande Holdco Borrower II, LLC; Grande Holdco Borrower, LLC; Grande Holdco, LLC; Limewood Bell Renewables LLC; Lotus Solar, LLC; Magnolia Solar Development LLC; NPA 2023 Holdco, LLC; NPA Polaris DevCo Holdco, LLC; Old Hayneville Solar, LLC; PGR 2021 Fund 13, LLC; PGR 2021 Fund 17, LLC; PGR 2021 Fund 18, LLC; PGR 2021 Fund 4, LLC; PGR 2021 Fund 9, LLC; PGR 2021 Holdco 11, LLC; PGR 2021 Holdco 12, LLC; PGR 2021 Holdco 15, LLC; PGR 2021 Holdco 18, LLC; PGR 2021 Holdco 19, LLC; PGR 2021 Holdco 4, LLC; PGR 2021 Manager 13, LLC; PGR 2021 Manager 17, LLC; PGR 2021 Manager 18, LLC; PGR 2021 Manager 4, LLC; PGR 2021 Manager 9, LLC; PGR 2022 Fund 1, LLC; PGR 2022 Fund 2, LLC; PGR 2022 Fund 4, LLC; PGR 2022 Fund 5, LLC; PGR 2022 Fund 8, LLC; PGR 2022 Fund 9, LLC; PGR 2022 Holdco 1, LLC; PGR 2022 Manager 1, LLC; PGR 2022 Manager 2, LLC; PGR 2022 Manager 4, LLC; PGR 2022 Manager 5, LLC; PGR 2022 Manager 8, LLC; PGR 2022 Holdco 9, LLC; PGR 2022 Manager 9, LLC; PGR 2023 Fund 1, LLC; PGR 2023 Fund 6, LLC; PGR 2023 Holdco 1, LLC; PGR 2023 Lessee 6, LLC; PGR 2023 Manager 1, LLC; PGR 2023 Manager 6, LLC; PGR CC Affiliate Purchaser LLC; PGR MS Affiliate Purchaser LLC; PGR Procurement, LLC; Polaris DevCo Borrower A, LLC; Polaris DevCo Borrower B, LLC; Polaris DevCo Pledgor A, LLC; Polaris DevCo Pledgor B, LLC; Polaris OpCo Borrower B, LLC; Polaris OpCo Pledgor B, LLC; Rio Lago Solar, LLC; Solar Carver 1, LLC; Solar Carver 3, LLC; Sunstone Solar 1, LLC; Sunstone Solar 2, LLC; Sunstone Solar 3, LLC; Sunstone Solar 4, LLC; Sunstone Solar 5, LLC; Sunstone Solar 6, LLC; and Sunstone Solar, LLC. For the avoidance of doubt, the relief requested would apply to any Debtor whose equity interests (or the equity interests of its direct or indirect parent) are sold.

3

**BASIS FOR RELIEF**

7. The Debtors request that the Court dismiss the Chapter 11 Case of any Debtor whose equity is sold (such Debtor, a "***Purchased Debtor***") and any Debtor subsidiary thereof (a "***Purchased Debtor Subsidiary***") upon the closing of such a sale. The Debtors will file a notice on the Court's docket indicating that such a sale has closed (a "***Notice of Closing***") and listing any Purchased Debtors and Purchased Debtor Subsidiaries. Upon the filing of the Notice of Closing, the Chapter 11 Cases of any Purchased Debtor and any Purchased Debtor Subsidiaries indicated therein shall be deemed dismissed, effective as of the date of the Notice of Closing.

**A.   Cause Exists to Dismiss the Chapter 11 Cases of any Purchased Debtor and Purchased Debtor Subsidiary Under Section 1112(b)(4) of the Bankruptcy Code.**

8. Upon the request of a party in interest, section 1112(b)(1) of the Bankruptcy Code provides that, absent unusual circumstances, a court "shall" dismiss a chapter 11 bankruptcy case (or convert such case to a case under chapter 7) "for cause." *See* 11 U.S.C. § 1112(b)(1). Section 1112(b) of the Bankruptcy Code provides a nonexclusive list of 16 grounds for dismissal. 11 U.S.C. § 1112(b)(4)(A)-(P); *see also In re Frieouf*, 938 F.2d 1099, 1102 (10th Cir. 1991) (stating that section 1112(b) of the Bankruptcy Code's list is nonexhaustive). Further, the legislative history of section 1112(b) of the Bankruptcy Code and relevant case law indicate that courts use their discretion to dismiss a chapter 11 case if the facts and circumstances of the case justify such relief. H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 405-06 (1977), *as reprinted in* 1977 U.S.C.C.A.N. 5963, 6361-62; S. Rep. No. 95-989, 95th Cong., 2d Sess. 117 (1978), *as reprinted in* 1978 U.S.C.C.A.N. 5787, 5903; *see also In re Sullivan Cent. Plaza I, Ltd.*, 935 F.2d 723, 728 (5th Cir. 1991) (stating that a determination of whether cause exists under section 1112(b) of the Bankruptcy Code "rests in the sound discretion" of the bankruptcy court); *In re Koerner*, 800 F.2d 1358, 1367 & n.7 (5th Cir. 1986) (stating that a bankruptcy court is afforded "wide

4

discretion" under section 1112(b) of the Bankruptcy Code). Ultimately, whether cause exists to dismiss a chapter 11 case is determined on a case-by-case basis and is a decision within the sound discretion of the bankruptcy court.

9. Here, "cause" exists to dismiss the Chapter 11 Case of any Purchased Debtor or Purchased Debtor Subsidiary upon the closing of the applicable sale transaction. First, any Purchased Debtor or Purchased Debtor Subsidiary will have been sold and transferred in their entirety and the value of such sale transaction will have been captured and made available to the Debtors' creditors.

10. Further, any reasonable buyer acquiring the equity interests in a Purchased Debtor (and its Purchased Debtor Subsidiaries, if applicable) will likely condition consummation of such a sale transaction on their ability to take possession and operate the business of such Purchased Debtor(s) (and any Purchased Debtor Subsidiaries) without the overhang of a chapter 11 process. Indeed, the Bridge/DIP Lenders, who submitted stalking horse purchase agreements in connection with the Debtors' sale process, support the dismissal of the Chapter 11 Cases of any Purchased Debtor and any Purchased Debtor Subsidiaries upon consummation of the sale transactions contemplated in the applicable stalking horse purchase agreement.

11. Moreover, the continuation of the Chapter 11 Case of any Purchased Debtor (and any Purchased Debtor Subsidiaries) is not necessary for the administration of the other Debtors' Chapter 11 Cases. As a result, prolonging the Chapter 11 Cases of any Purchased Debtors (and any Purchased Debtor Subsidiaries) would diminish the Debtors' remaining available resources to the detriment of their estates and creditors.

12. Accordingly, based on the totality of the circumstances and the reasons discussed herein, the Debtors submit that cause exists to dismiss the Chapter 11 Cases of any Purchased Debtors or Purchased Debtor Subsidiaries upon consummation of the applicable sale transactions.

**B.    Dismissal of the Chapter 11 Cases of any Purchased Debtor and any Purchased Debtor Subsidiary Is in the Best Interests of the Debtors' Stakeholders and Estates**

13. Once "cause" is established, a court must examine whether dismissal of a case is "in the best interests of the creditors and the estate". 11 U.S.C. § 1112(b)(1). While the Bankruptcy Code does not define the "best interests of the creditors and the estate," "[t]he cases are uniform in holding that the decision to dismiss or convert is within the bankruptcy court's discretion and is based on the facts. It is a case-by-case decision." *In re Calrissian LP*, 2018 WL 3854004, at *2 (Bankr. D. Del. 2018); *see also In re Hampton Hotel Inv'rs, L.P.*, 270 B.R. 346, 359 (Bankr. S.D.N.Y. 2001) (noting that "courts are required to consider and weigh the totality of facts and circumstances of the individual case when determining what is in the best interest of the creditors").

14. As described herein and in the First Day Declaration, the Debtors concluded that the sale of the Debtors' assets, including equity interests in a Purchased Debtor, pursuant to the Bidding Procedures Order would maximize the value of their estates for the benefit, and in the best interests, of their creditors and stakeholders. Dismissal of the Chapter 11 Cases of Purchased Debtors and Purchased Debtor Subsidiaries would reduce fees, time and other costs associated with such Debtors' continuation in chapter 11. Accordingly, the Debtors respectfully submit that voluntary dismissal of the Chapter 11 Cases of Purchased Debtors and Purchased Debtor Subsidiaries would be in the best interests of the Debtors' estates and their creditors.

## **NOTICE**

15. Notice of this Motion will be provided to the parties on the Debtors' Master Service List. A copy of this Motion is available on (a) the Court's website, at www.txs.uscourts.gov, and (b) the website maintained by the Debtors' Claims and Noticing Agent, Omni Agent Solutions, Inc., at https://omniagentsolutions.com/PGR.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order granting the relief requested in the Motion and such other relief as may be just and proper.

Dated:  December 3, 2025　　　　Respectfully submitted,
　　　　　Houston, Texas

*/s/ Timothy A. ("Tad") Davidson II*
**HUNTON ANDREWS KURTH LLP**
Timothy A. ("Tad") Davidson II (TX Bar No. 24012503)
Philip M. Guffy (TX Bar No. 24113705)
Brandon Bell (TX Bar No. 24127019)
600 Travis Street, Suite 4200
Houston, TX 77002
Telephone:  (713) 220-4200
Email:  taddavidson@hunton.com
　　　　pguffy@hunton.com
　　　　bbell@hunton.com

- and -

**LATHAM & WATKINS LLP**
Ray C. Schrock (NY Bar No. 4860631)
Andrew M. Parlen (NY Bar No. 5370085)
Alexander W. Welch (NY Bar No. 5624861)
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email:  ray.schrock@lw.com
　　　　andrew.parlen@lw.com
　　　　alex.welch@lw.com

- and -

Jason B. Gott (IL Bar No. 6309114)
Jonathan C. Gordon (IL Bar No. 6329732)
330 N. Wabash Avenue
Suite No. 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email:  jason.gott@lw.com
　　　　jonathan.gordon@lw.com

*Proposed Attorneys for the Debtors and Debtors in Possession*

## CERTIFICATE OF SERVICE

I certify that on December 3, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on those parties registered to receive electronic notices.

<u>/s/ Timothy A. ("Tad") Davidson II</u>
Timothy A. ("Tad") Davidson II